Alfonso Muriente, Plaintiff and Appellant, v. Angel María Yumet Méndez and his wife Tomasa Chacón, Defendants and Appellees.

No. 8252. Argued May 1, 1941.—Decided May 7, 1941.

620

*Isaías M. Crespo*, for appellant. *García Méndez & García Méndez*, for appellees.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

This suit arose in the District Court of Arecibo and on motion of the defendants was removed to that of Aguadilla. The plaintiff alleged that Emiliano Rodríguez Suazo and his wife executed a mortgage in favor of the defendant spouses to secure a loan for $2,600, the mortgage liability being distributed among various properties of the debtors all of which are described in the complaint. That afterwards, the debt was reduced to $1,000, and that one of the mortgaged properties, later sold to the plaintiff herein, secured the amount of $350 principal, interest thereon at one per cent per month and a proportionate part of the additional credit for costs and attorney's fees. That the mortgage became due, and the plaintiff, through his Attorney, Mr. Isaías Crespo, wrote to the defendant notifying him of his intention of paying the amount secured by his property, and that Mr. Yumet answered in writing that he would not receive the payment of said sum if he was not paid the total amount of $1,000 secured by the plaintiff's property and by those which remained in the hands of Emiliano Rodríguez Suazo. That the plaintiff again addressed the defendant notifying him that his attorney would take to his house in Aguadilla the amount of $357, that is, $350 as principal, $3.50 for interest due for a month and the other $3.50 for a month's interest

in advance, and at the same time would bring him the draft of a deed of cancellation of the mortgage aforesaid for $350, to be signed by the defendants upon receiving said amount. That the same day the defendant answered saying that he had no business whatsoever with the plaintiff, refusing thus the offer of payment which had been made. That in view of the attitude assumed by the defendants and wishing to free his property from the aforesaid lien, the plaintiff accompanied the complaint with the amount of $350 as capital, plus $3.50 as interest due, which amounts constituted the sum total of the debt guaranteed by the property aforesaid. The complaint ended with the prayer that said amount of $353.50, which the plaintiff placed at the disposal of the defendants, be received, and that the latter be ordered to execute the corresponding deed of cancellation of the mortgage over the plaintiff's property, with the warning that if they did not execute it, the marshal would, they being also ordered to pay the costs and $100 for attorney's fees.

The defendants answered admitting in substance all the facts of the complaint above stated but they alleged as a matter of defense that the plaintiff had not contracted with the defendant, nor the latter had authorized the payment, nor had he bound himself to receive any amount except the sum total of the debt, which is $1,000, and that said debt of $1,000 was due, liquidated and demandable, and that said sum would be accepted by the defendants together with the expenses and attorney's fees arising from this suit which they estimated at $300. They insisted on their demurrers for want of facts sufficient to state a cause of action and for want of jurisdiction by reason of the amount, since according to them, the deposit was for an amount less than $500. The answer ended with a prayer that the complaint be dismissed with costs and expenses to the defendants and that the plaintiff be also ordered to pay $300 for attorney's fees.

The trial was held and after receiving evidence from both parties, which consisted mainly in the deeds of mortgage and

checks in payment of interest, the complaint was dismissed with costs to the defendants, plaintiff being also ordered to pay $150 for attorney's fees.

We shall now examine the grounds on which the lower court rendered that judgment. In the "Statement of Facts and Opinion", the trial judge states them as follows:

"From the evidence offered by the parties at the trial it has been proved to the full satisfaction of the court that the defendants have not entered into any contract with the plaintiff, nor have they agreed nor authorized the payment, nor have bound themselves to receive any amount of the pending debt of $1,000 which is not said sum total of $1,000; that the original contract between Yumet and Rodríguez Suazo to which deed No. 102 refers, was never altered; that Yumet never accepted the payment of monthly interest unless such payments constituted the total of the interest on the debt, which was sent to him on many occasions by two checks, one for $6.50 and another for $3.50, in one same envelope, it being clear from the evidence presented that when this was not done, Yumet returned the interest sent to him, it also appearing from the evidence offered that Muriente had knowledge of these facts.

"Section 1123 of the Civil Code of 1930, which is equivalent to number 1137 of the Code of 1902, expressly provides that the debtor shall not be compelled to receive the prestations of which the obligation consists unless the contract expressly authorizes it. We have examined the deeds offered in evidence and they do not authorize such thing. Furthermore, there has been no ulterior agreement to modify said deeds, as appears from the evidence presented.

"Independently of the facts aforestated, it is also clear to the court that we are not dealing with a real action but with an action wherein the defendants refuse to receive an amount of money which the plaintiff wants to pay and that said defendants object because it should be accompanied by the sum total of the debt or original prestation. The form or amount of the payment is in issue; we have clearly to do with an action for deposit, which is a personal action. *González* v. *Lebrón et al.*, 24 P.R.R. 374. The main purpose of this suit is therefore the deposit. The amount involved is $350. This being so, this court would have no jurisdiction. *Juncos Central Company* v. *Del Toro*, 30 P.R.R. 306.

"We hold because of all that has been stated above, that the defendants are not bound to receive the amount of $350 that the

plaintiff offers; and on the evidence offered, the court is fully satisfied that we are dealing with a personal action where the amount involved is under $500. A careful study of all these facts made by the plaintiff would have easily shown him that the action could not prosper. It is therefore indubitable that he has acted rashly. Taking into account all these circumstances ,and considering everything that must be weighed in assessing attorney's fees, such as the standing of the attorneys, the success attained and what has been held in the cases of *Bertrán et al.* v. *Carrasquillo*, 29 P.R.R. 524, and *Canals* v. *Great American Indemnity Co.*, (decided by the Supreme Court on April 8, 1940), 56 P.R.R. 435, the court dismisses the complaint and orders the plaintiff to pay the defendants the amount of $150 as attorney's fees and the costs."

Although the action was called "Deposit of Money" it appears, as may be seen from the pleadings, that the action established is really the adverse proceeding for the execution of a deed of cancellation, and not the *ex parte* proceeding provided by Sections 1130 to 1135 of the Civil Code (1930 ed.) under the title "Tender of Payment and Consignation". The end or purpose of the action filed in this case is not simply to deposit the amount owed and so perform the payment of the obligation. The consignation or deposit of the amount at the disposal of the defendants is but the means to reach the end, which is the cancellation of the mortgage lien. This is not then, as the trial court and the appellees maintain, a mere personal action whose amount is under $500. This is an action to cancel a real right of mortgage which the defendants own upon a real property belonging to the plaintiff. Under such circumstances, no matter which the money value of this right, the action pertains to the district court and not to the municipal court.

In the case of *Marrero* v. *Registrar of Mayagüez*, 32 P.R.R. 818, the same question was decided. A mortgage had been executed upon a rural property in the Municipality of Mayagüez to secure the amount of $244. A suit was filed requesting the cancellation of the lien and the complaint was filed in the municipal court. The cancellation of the lien

was ordered and a writ was issued to the registrar to perform it. He refused to do so, among other reasons because the municipal court had acted without jurisdiction by reason of the subject matter. In deciding the administrative appeal taken from the registrar's ruling, this Court said:

"The fundamental question involved in this appeal is whether a municipal court has jurisdiction to order the cancellation of a mortgage.

". . . . . . . . . .

"If only the amount involved in the suit is considered, it is necessary to decide the question in favor of the appellant, for the said amount is less than $500. But if the subject matter of the suit is taken into consideration, then the decision appealed from must be sustained.

"Municipal courts are courts of limited jurisdiction. They are not courts of record. The general jurisdiction of civil matters in first instance, save the exceptions prescribed by law, is vested in the district courts.

". . . . . . . . . .

"Going deeper into the consideration of the old and the new systems of law, this same court, in the case of *Valdivieso* v. *Rivera*, 19 P.R.R. 669, held that the amount of $500 fixed by the Act of March 10, 1904, reorganizing the judiciary of this Island, determines the jurisdiction of the municipal courts in ordinary civil proceedings, but not in those governed by special laws.

". . . . . . . . . .

"The cancellation of mortgages is governed by the Mortgage Law and its Regulations, and although the present case is distinct from the three cases cited, (suits for the nullity of mortgage foreclosure proceedings) the reasoning that led the court to hold in the said three cases that the district courts had exclusive jurisdiction is applicable." (Parenthesis supplied.)

The one copied is not the only opinion of this Court which upholds that theory. See to that same purpose *Colón* v. *Registrar*, 38 P.R.R. 586; *Perocier* v. *Registrar*, 47 P.R.R. 156 and *Nazario* v. *Muñiz*, 54 P.R.R. 49.

After establishing the jurisdiction of the district court to take cognizance of this case by reason of the subject matter, we have now to decide whether, contrary to

what the appellees and the trial court hold, the appellant had the right, once the mortgage was due, as it was in this case, to demand the cancellation of the mortgage lien which encumbered his property through the payment of the sum secured by it, without the need of delivering the rest of the debt secured by other properties.

Section 124 of the Mortgage Law which conclusively decides the matter, says as follows:

"Art. 124.—If a mortgage created for the security of a debt shall be divided among a number of estates, and the part of the credit encumbering one of said estates shall have been paid, the person interested may apply for the partial cancellation of the mortgage as to the said estate. If the part of the credit paid may be applied to one or the other of the estates encumbered, on account of not being less than the amount for which each is specially liable, the debtor shall select the one which is to be freed from encumbrance."

Commenting on an identical provision of the Spanish Mortgage Law, Messrs. Galindo and Escosura say:

"We have already said that the mortgage is fractioned by the division and a mortgage is created with its own independent life for each and every property; therefore, if the total amount which encumbers one of them is paid, with respect to it the cancellation made is not partial, *but total, because it does not secure the rest of the debt upon other properties.* (See the ruling of October 8, 1886, and July 12, 1899)." 3 Galindo and Escosura, *"Legislación Hipotecaria"*, (4th edition), 269. (Italics supplied.)

In the preamble to the Mortgage Law of 1861 (1 Galindo and Escosura, *"Legislación Hipotecaria"*, 4th edition, page 128), the Code Commission, referring to this matter, says as follows:

"But it will happen at times, when a mortgage credit has been apportioned among different properties, that the part of the debt paid may be applied to the liberation of one or other of the encumbered properties because said payment is greater than the special liability of each of those properties; in this case the Commission has not doubted that the election should remain in the debtor, because

it is the general rule that his class is the one favored by the law, or because it is he who should say when he makes the payment, which property he wants to release from the mortgage lien."

The same question was decided by this Court thirty-nine years ago in the case of *Frontera* v. *Registrador,* 2 S.P.R. 709 (this volume has never been published in English).

The fact that the monthly interest payments on the mortgage upon this property were sent from Arecibo to the defendants, by check in the same envelope with the interests on the rest of the debt, and the defendant returned to the plaintiff his check for the interest when it did not come together with the other one, to which the trial judge gives so much importance, is completely immaterial, because that mere tolerance on the part of the plaintiff does not deprive him of the right which the law acknowledges to him, to demand the cancellation of the mortgage lien which encumbers his property, paying the amount of the debt when it is due.

The exposition we have made of the pleadings and the law applicable to the case decides the demurrers aforestated adversely to the defendants. Using the words of the lower court, we must now say that a mere examination by the defendants of the law applicable to the case would have easily shown them the reason which the plaintiff had and that therefore they have acted rashly in opposing their just claims.

The judgment appealed from must be reversed and in its stead that which the lower court should have rendered will be issued, to wit: judgment will be given for the plaintiff and the defendants will be ordered to execute a deed of total cancellation of the mortgage for $350 principal, which encumbers the property described in the complaint, within five days from the date when the mandate is received in the lower court; the appellant must pay all the expenses of said deed as well as its record in the registry of property; and the defendants appellees will be advised that unless they execute said deed within the term stated, the marshal will

execute it, and the amounts deposited by the plaintiffs in favor of the defendants will remain at their disposal; and the defendants will be taxed with the costs of this suit and also ordered to pay $100 as fees of the plaintiff's attorney for his services in the lower court.